IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOE PORTILLO ARIAS, § | |
| TDCJ #514436, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. G-08-0021 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice - § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

State inmate Joe Portillo Arias (TDCJ #514436) has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge the calculation of his sentence following the revocation of his parole in 2005. The respondent has filed a motion to dismiss, arguing that Arias is not entitled to relief. (Doc. # 10). Arias has filed a response and he has also filed a motion for an evidentiary hearing and for appointment of counsel. (Docs. # 15, # 16). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.     BACKGROUND**

Arias is presently in custody pursuant to a criminal judgment of conviction entered on January 20, 1989, in the 290th District Court of Bexar County, Texas, in cause number 88-CR-5115-A, to charges of robbery by threat. Arias, who was indicted as a habitual felon, pleaded guilty in that case and received a twenty-year sentence.

On October 22, 1990, Arias was released on parole, but his parole was revoked and he returned to prison shortly thereafter. Arias was released on parole a second time on November 16, 1993. On October 25, 1999, Arias returned to state custody again. On March 11, 2003, Arias was released on parole a third time. His parole was revoked again on April 25, 2005. Arias remains incarcerated at the Terrell Unit in Brazoria County, Texas.[1]

Arias has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. That petition is dated January 10, 2008.[2] Arias does not challenge his underlying conviction or the validity of his parole revocation proceedings. Instead, Arias challenges the calculation of his sentence following his most recent parole revocation on April 25, 2005. In particular, Arias contends that prison officials have unlawfully refused to grant him credit for the time he spent out on the street while out of custody on parole (*i.e.*, "street-time" credit). Arias maintains that, by denying him street-time credit, prison officials have extended his sentence in an unconstitutional manner. The respondent has filed a motion to dismiss, arguing that the petition is barred by the governing statute of limitations. Arias insists that he is entitled to relief. The parties' contentions are addressed below.

---

[1] Arias' underlying conviction is from Bexar County, which is not located within the Southern District of Texas, Houston Division. Because Arias is in custody at the Terrell Unit in Rosharon, which is within the Southern District, Galveston Division, this Court has jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

[2] Although the Clerk's Office recorded the petition as filed on January 16, 2008, the pleadings are dated January 10, 2008, indicating that Arias placed his petition in the mail on that date. Under the mail-box rule, the date a *pro se* prisoner deposits his pleadings in the mail is considered the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Thus, the petition is deemed filed on January 16, 2008.

## II.   DISCUSSION

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this case, Arias challenges the calculation of his sentence following his parole revocation in 2005. The respondent argues that any challenge to the calculation of Arias'

3

sentence is barred by the governing statute of limitations because he knew or should have known of the factual predicate of his claims, at the latest, on the date of his parole revocation on April 25, 2005.[3]  The respondent advises that Arias knew or should have known that he would lose his street-time credit upon revocation because this information was provided in his parole certificate, which Arias signed on March 11, 2003.  (Doc. # 11, Parole Revocation Records, at 2-6).  Using the date most favorable to Arias, the Court assumes that the date of his parole revocation, April 25, 2005, triggered the statute of limitations, which expired one year later on April 25, 2006.  The federal habeas corpus petition filed by Arias, dated January 10, 2008, is well outside the statute of limitations period and is therefore time-barred unless Arias can show that a statutory or equitable exception applies.

### A.     Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  State court records show that Arias filed a state habeas corpus application to challenge the calculation of his sentence on September 1, 2006.  The Texas Court of Criminal Appeals dismissed this application for procedural deficiencies shortly thereafter on November 1, 2006.  *See Ex parte Arias*, No.

---

[3]     Arias complains that, following his parole revocation in 2005, he was found ineligible to receive any of the street-time credit that he accrued following his previous release from prison.  Complaining that this violates a "liberty interest," Arias appears to contend that prison officials forfeited his street-time credit in violation of his right to due process and equal protection.  Arias further appears to claim that his street-time credit has been taken pursuant to an invalid ex post fact law.  Arias adds that, by forfeiting his street-time credit, the twenty-year sentence that he originally received in 1989 has been increased unlawfully.

66,172-01. This application does not afford any tolling because it was filed after the statute of limitations had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Alternatively, this application does not toll the statute of limitations because it was dismissed for failure to comply with state procedural rules and was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *See Artuz*, 531 U.S. at 8.

Arias presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Arias does not allege or otherwise establish that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. §2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B. Equitable Tolling

Arias has filed a response to the motion, but he does not dispute that his petition is untimely or ask for equitable tolling. Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)). Arias does not meet that burden here and the record does not otherwise demonstrate any basis for an exercise of equitable discretion in his favor.

The record shows that Arias' parole was revoked on April 25, 2005. He did not file an appeal from the revocation and he waited more than a year, until September 1, 2006, to file a state habeas corpus application to challenge the calculation of his sentence. Arias offers no explanation for his decision to delay over a year before seeking state habeas relief from the administration of his sentence. It is well established that equitable tolling is not available where, as here, a petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Arias has represented himself on federal review, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition.

*See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). Likewise, a petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the petitioner's lack of diligence, the Court concludes that his circumstances are not among those rare and exceptional conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Arias has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.[4]

---

[4] Alternatively, as the respondent correctly notes, Arias' state habeas application was dismissed for procedural reasons. Because his claims were not adjudicated on the merits, the respondent maintains that Arias failed to exhaust available state remedies prior to seeking federal habeas corpus review in violation of 28 U.S.C. § 2244(b) and that his claims
(continued...)

### III.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

---

[4](...continued)
are procedurally barred.

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has carefully considered all of the pleadings and the applicable law. Based on this review, and for the reasons set forth above, the Court concludes that jurists of reason would not debate whether any of the procedural rulings are correct, or whether any assessment of the above-referenced constitutional claims is debatable or wrong. Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Doc. # 10) is **GRANTED**.
2. The federal habeas corpus petition is **DISMISSED** with prejudice.
3. The petitioner's motion for an evidentiary hearing and motion for appointment of counsel (Docs. # 15, # 16) are **DENIED**.
4. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED on July 15th , 2008.

_____
Nancy F. Atlas
United States District Judge